## SAMMONS v. CULPEPPER et al.
### (No. 8063.)

(Court of Civil Appeals of Texas. Galveston. June 13, 1921.)

**Landlord and tenant 231(8)—Evidence held insufficient to show tenant liable for rent.**

Evidence in an action for rent *held* not to support judgment for plaintiff, in that it failed to prove that defendant was in possession of the property at the time charged, or that there was an agreement for rent at a stipulated sum per month.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Action by Mrs. J. M. Culpepper and another against J. C. Sammons. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Homer Stephenson and John M. Cobb, both of Houston, for appellant.

Hutcheson, Bryan & Dyess and Grover Rees, all of Houston, for appellees.

GRAVES, J. In this cause the appellees, who were plaintiffs below, sued the appellant for rent for the use of a certain building in the town of Goose Creek, Tex., during the first four months of the year 1919, charging that he was at the time of the suit in possession of it, that he had entered on the property under a contract of lease with plaintiffs, contracting to pay them therefor the sum of $50 per month, and in hæc verba further:

"That thereafter, by agreement, the monthly rental of said property was reduced to $35 per month; that the defendant has occupied said premises under a rental contract for the months of January, February, March, and April, 1919, and according to the terms of the contract under which he has said property is obligated to pay plaintiffs therefor the sum of $35 per month, or the total sum of $140."

On trial before a jury upon a special issue submitted to it by the court, judgment for $150.86 was rendered against the defendant below, and he prosecutes this appeal. His contention here is that the evidence is insufficient to support the judgment rendered, and we think the position is well taken.

The proof utterly failed to show that appellant was in possession of the property at the time of the suit, or that he had used or been in possession of it during any part of the four months' period for which this re-

covery of rent was allowed; indeed, there is no showing that there was even any such use or occupancy during any portion of the entire year of 1919.

The appellees in argument, however, still say they at least proved a month to month contract for rent at the rate of $35 per month, and did not have to also show actual occupancy, since there was no evidence of a termination of such tenancy by as much as one month's notice, etc.

Aside from its departure from their allegations, the further trouble with this conclusion is that it likewise was not established. Mr. Culpepper himself distinctly limited the $35 reduction in the rent, which arrangement he testified he made or directed, to the time during which the strike at Goose Creek lasted—that is, only a brief time from November, 1917. He testified there was no such agreement extending beyond that time, although for some time after the strike was called off appellant continued to pay and he to accept $35 per month. This falls far short of indicating that appellant was still obligated to pay an indefinite month to month contract a rental of $35 per month as late as from January to April, inclusive, of 1919.

The judgment is reversed, and the cause remanded.

Reversed and remanded.